IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-662-D

| | | |
|---|---|---|
| CLIFFORD HAWTHORNE, <br> CHRISTINA HAWTHORNE, <br> JASON H. COATS, Guardian Ad <br> Litem for J.H., a minor, and <br> THOMAS S. BERKAU, Guardian Ad <br> Litem for R.H., a minor, <br>                     Plaintiffs, <br> v. <br> CRAIG WAGSTAFF, and <br> CLAYTON RESIDENTIAL RENTALS, <br>                     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **ORDER** |

On August 30, 2012, plaintiffs filed this action in Johnston County Superior Court [D.E. 1-1]. The complaint arises from Clifford and Christina Hawthorne's dissatisfaction with a rental home in Johnston County. Plaintiffs assert claims for breach of contract, violation of the North Carolina Residential Rental Agreements Act ("RRAA"), breach of the implied warranty of habitability, negligence, negligence per se, violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), negligent infliction of emotional distress, negligent misrepresentation, and violation of the federal Residential Lead-Based Paint Hazard Reduction Act of 1992 ("RLPHRA"). Id. On October 11, 2012, Clayton Residential Rentals ("Clayton Residential") removed the action to this court pursuant to federal question jurisdiction [D.E. 1]. Plaintiffs have yet to serve Craig Wagstaff. Cf. 28 U.S.C. § 1446(b)(2)(A). On November 19, 2012, Clayton Residential moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiffs' claims for negligence per se,

violation of the UDTPA, negligent infliction of emotional distress, negligent misrepresentation, and violation of the RLPHRA [D.E. 6].

In reviewing a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In conducting its review, a court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see Iqbal, 556 U.S. at 678–79. However, the court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, 591 F.3d at 255.

Plaintiffs' complaint plausibly alleges claims for violation of the UDTPA, negligent misrepresentation, and violation of the RLPHRA. Thus, the court denies Clayton Residential's motion to dismiss these claims. To the extent that plaintiffs' negligence per se claim relies on the RRAA, this claim fails as a matter of law. See N.C. Gen. Stat. § 42-44(d). As for their claim for negligent infliction of emotional distress, plaintiffs have failed to sufficiently allege facts regarding who suffered severe emotional distress and in what "type, manner, or degree." Swaim v. Westchester Acad., Inc., 170 F. Supp. 2d 580, 585 (M.D.N.C. 2001); see Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990). Thus, this claim is dismissed without prejudice.

In sum, Clayton Residential's motion to dismiss [D.E. 6] is GRANTED IN PART and

2

DENIED IN PART. The court DENIES Clayton Residential's motion to dismiss plaintiffs' claims for violation of the UDTPA, negligent misrepresentation, and violation of the RLPHRA. To the extent that plaintiffs' claim for negligence per se relies on an alleged violation of the RRAA, this claim is DISMISSED. Plaintiffs' claim for negligent infliction of emotional distress is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted.

SO ORDERED. This _8_ day of April 2013.

JAMES C. DEVER III
Chief United States District Judge